UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 28, 2017

LETTER TO COUNSEL

  RE: *Jonathan Poole v. Commissioner, Social Security Administration*;
     Civil No. SAG-12-3578

Dear Counsel:

  Arjun Kuncham Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with his representation of Jonathan Poole before this Court. (ECF No. 21). In response, the Commissioner asked the Court to consider whether enforcement of the contingent fee agreement in this case would result in a windfall to Mr. Murahari. (ECF No. 23). I have considered those filings. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's motion for attorney's fees will be GRANTED.

  In this case, Mr. Poole was awarded $56,462.00 in past due benefits, twenty-five percent of which, $14,115.50, was withheld to pay attorney's fees in an amount approved by this Court. (ECF No. 21). Because Mr. Murahari has already received $5,811.26 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), (ECF No. 20), he has agreed to reimburse to Mr. Poole the attorney's fees received under the EAJA should he receive the full amount of attorney's fees he requests pursuant to the SSA. (ECF No. 21); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *see Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

  The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means for by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In this case, Mr. Murahari and Mr. Poole entered into a contingent fee agreement, by which Mr. Poole agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. (ECF No. 21-3). In a previous motion for attorney's fees pursuant to the EAJA, Mr. Poole submitted an itemized report documenting the 31.00 hours Mr. Murahari expended before this Court in Mr. Poole's case. (ECF Nos. 18-6, 18-7). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $455.34 per hour. Mr. Murahari must therefore show that an effective rate of $455.34 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative received." *Id.* Additionally, as a metric of reasonableness, the Sixth Circuit has held that hourly rates that are less than twice the standard market rate are *per se* reasonable. *Hayes v. Sec'y of Health and Human Servs.*, 923 F.2d 421, 422 (6th Cir. 1991); *but see Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309-10 (6th Cir. 2014) (noting that the Supreme Court's decision in *Gisbrecht* "elides strict presumptions altogether," but nevertheless considering that the requested hourly rate was more than quadruple the standard rate). In this case, Mr. Murahari's requested fee results in only slightly more than the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See*, *e.g.*, *Lehman v. Colvin*, Civil No. SAG-12-2160, (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14); *Weems v. Commissioner, Soc. Sec. Admin*, Civil No. SAG-12-2993, 2015 WL 3464130, at *1 (D. Md. May 29, 2015) (approving contingency fee agreement with hourly rate of $944.22); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490, at *2 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.70); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D.W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12). Although Mr. Murahari's requested rate slightly exceeds the typical rate awarded by this Court for attorney's fees in Social Security appeals, the facts of this case allow me to conclude that the rate is warranted.

With respect to the results Mr. Murahari's representation obtained, I note not only that Mr. Poole's case was remanded to the Agency with the consent of the Commissioner, but also that the consent remand was based on several clearly articulated arguments raised in Mr. Poole's initial motion for summary judgment that were fully supported by references to the objective record. *Cf. Kotofski v. Astrue*, No. CIV. SKG-09-981, 2012 WL 6136361, at *2 (D. Md. Dec. 10, 2012) (reducing counsel's recovery under contingent fee agreement because counsel's argument was "not clearly articulated and not fully supported by record references…and [was] mentioned only briefly in his response, not in its initial memorandum."). Following a second hearing before an ALJ, Mr. Poole received a fully favorable decision and was found disabled as of December 14, 2010. (ECF No. 21-2). Turning to the character of Mr. Murahari's representation, I note that Mr. Murahari's performance in this case was both highly effective and highly efficient. Mr. Poole obtained a finding of disability as a result of Mr. Murahari's dedicated effort over five years. In addition, I note that Mr. Poole consented to the fee agreement, which indicates the value to Mr. Poole of Mr. Murahari's representation. (ECF No. 21-3); *see Bowser v. Astrue*, No. PWG-09-969, 2011 WL 673767, at *3 (D. Md. Feb. 17, 2011) (according "some weight" to the claimant's consent to the fee requested). Indeed, "Social

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorneys' fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2016). For attorneys admitted to the bar for five to eight years, the presumptively reasonable hourly rate is between $165.00 and $300.00 per hour. *Id.*

*Jonathan Poole v. Commissioner, Social Security Administration*;
Civil No. SAG-12-3578
June 28, 2017
Page 3

Security representation operates largely on a contingency fee basis," *Gisbrecht*, 535 U.S. at 804, which "provide[s] access to counsel for individuals," like Mr. Poole, "who would otherwise have difficulty obtaining representation," *In re Abrams & Abrams*, *P.A.*, 605 F. 3d 238, 245 (4th Cir. 2010). Moreover, I note that there was no delay in this litigation attributable to Mr. Murahari. Thus, the award need not be reduced due to any delay in the litigation. *See Gisbrecht*, 535 U.S. at 808; *Bowser*, 2011 WL 673767, at *2. Accordingly, given Mr. Murahari's efforts and the facts of this case, the fee requested by Mr. Murahari is reasonable.

For the reasons set forth herein, Mr. Murahari's motion for attorney's fees (ECF No. 21) is GRANTED for $14,115.50. Mr. Murahari is directed to reimburse to Mr. Poole the $5,811.26 in fees he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge