UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 16, 2017

LETTER TO COUNSEL

      RE:    *Jonathan E. Poole v. Commissioner, Social Security Administration*;
              Civil No. SAG-12-3578

Dear Counsel:

      Arjun K. Murahari, Esq. has filed a second request for attorney's fees pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 406(b), in conjunction with auxiliary benefits awarded following his representation of Jonathan E. Poole before this Court. [ECF No. 26]. The Commissioner contends that the second request for fees was untimely filed, and Mr. Murahari disputes that contention. [ECF Nos. 27, 28]. I have considered both parties' briefs, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, Mr. Murahari's second request for attorney's fees is GRANTED.

      On June 28, 2017, I issued an order granting Mr. Murahari attorney's fees in the amount of $14,115.50, representing 25% of the past due disability benefits awarded to his client, Mr. Poole. [ECF No. 25]. On June 4, 2017, the Commissioner had sent two additional Notices of Award letters to Mr. Poole, addressed to him on behalf of his two minor children, confirming accrued past due auxiliary child's benefits in the total amount of $9,444.00. [ECF No. 26-3]. Unlike the original Notice of Award, the auxiliary Notices of Award were not copied to Mr. Murahari. *Id.*

      The SSA authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In this case, counsel and Mr. Poole entered into a contingent fee agreement, under which Mr. Poole agreed to pay counsel twenty-five percent of all retroactive benefits to which he or his family might become entitled. [ECF No. 18-5]. In fact, Mr. Poole has submitted a letter supporting Mr. Murahari's receipt of twenty-five percent of the auxiliary child's benefits, amounting to $2,361.00. [ECF No. 28-3].

      The Commissioner contends that Mr. Murahari's request should be denied as untimely. This Court's Local Rules require that a motion for attorney's fees "be filed within thirty (30) days of the date of the Notice of Award letter sent to the claimant and the attorney at the conclusion of the Social Security Administration's past-due benefits calculation." D. Md. R. 109.2(c) (2016). Although, in this case, the Notices of Award for the auxiliary benefits sent to

Mr. Poole are dated June 4, 2017, the Notices do not indicate that they were sent to Mr. Murahari, and they do not reflect whether benefits were properly withheld by the Commissioner to pay attorney's fees. The Local Rule does not contemplate a situation, as here, where the Commissioner mishandles the Notice of Award letter by failing to send a copy to the claimant's attorney. However, the Local Rule expressly considers the triggering date to be the date the letter is "sent to the claimant *and attorney*." *Id.* (emphasis added). Here, the uncontroverted evidence is that the Notice of Award letter was first sent to Mr. Murahari on October 12, 2017, (ECF No. 26-3), and he filed his second request for fees only six days later, on October 18, 2017. I therefore find the fee request to be timely.

I note that the Commissioner's proposed interpretation, using the date on the Notice of Award as the controlling date regardless of when the letter is actually sent to counsel, would open the process to abuse. Under that reading, if the Commissioner were to, for example, hold the Notice of Award for several weeks before mailing it to the attorney, the attorney would have to rely on the Claimant to forward the notice promptly in order to apply for fees. That interpretation, therefore, does not comport with the spirit of the Local Rule, which requires the attorney to promptly file the fee petition after receiving proper notice from the Commissioner.

For the reasons set forth herein, Mr. Murahari's second request for attorney's fees, (ECF No. 26), will be GRANTED in the amount of $2,361.00.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge